**[J-47-2026]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | |
|---|---|
| IN RE: NOMINATION PETITION OF MARK LAVELLE FOR THE DEMOCRATIC PARTY NOMINATION FOR REPRESENTATIVE IN THE GENERAL ASSEMBLY FROM THE 177TH LEGISLATIVE DISTRICT IN THE MAY 19, 2026 PRIMARY ELECTION | : No. 9 EAP 2026 <br> : <br> : Appeal from the order of the <br> : Commonwealth Court at docket <br> : No. 122 MD 2026. <br> : <br> : SUBMITTED: April 1, 2026 <br> : |
| APPEAL OF: MARK LAVELLE | : |

**CONCURRING STATEMENT**

**JUSTICE BROBSON**                                                   **FILED: April 7, 2026**

In this election appeal, Mark LaVelle (Candidate) challenges a standing order of the Commonwealth Court, pursuant to which candidates are deemed to have notice of a petition to set aside their nomination petitions once the Commonwealth Court publishes the filing of the petition on the court's publicly accessible website. Candidate maintains that this standing order conflicts with Section 977 of the Pennsylvania Election Code (Election Code), Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2937.[1] Under the provision, Candidate contends that the order issued by the court scheduling the hearing must also provide for the time and manner by which the petitioner/objector must notify the candidate specifically of both the petition and the court's order scheduling the hearing. Mere notice to the public by way of publication on the court's website is not, in Candidate's view, sufficient to comply with the statute.

---

[1] Section 977 of the Election Code provides, in relevant part, that, "[u]pon the presentation of . . . a[n objection] petition, the court shall make an order fixing a time for hearing . . . and specifying the time and manner of notice that shall be given to the candidate or candidates named in the nomination petition . . . sought to be set aside." 25 P.S. § 2937.

While I have my doubts about whether the Commonwealth Court's standing order complies with Section 977 of the Election Code, it matters not in this case. The remedy for a lack of adequate notice would not be dismissal of the petition to set aside the nomination petition but, rather, a new hearing after new/adequate notice is provided. *See Caba v. Weaknecht*, 64 A.3d 39, 66 (Pa. Cmwlth. 2013). Here, if we were to find that Candidate did not receive adequate notice, a remand would be futile. The parties stipulated below that 106 of the 382 signature lines proffered by Candidate in his nomination petitions were invalid.[2] *See* Section 912.1(14) of the Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, added by the Act of December 12, 1984, P.L. 968, 25 P.S. § 2872.1(14) (requiring 300 valid signatures for Candidate's name to appear on ballot for office of Representative in Pennsylvania General Assembly). Candidate, therefore, did not secure enough signatures to appear on the ballot. For these reasons, and these reasons alone, I join the Court's per curiam order affirming the Commonwealth Court's order.

Justices Dougherty and Mundy join this concurring statement.

---

[2] Notwithstanding his allegation of a lack of adequate notice, Candidate appeared, represented by counsel, at the hearing scheduled before the Commonwealth Court on March 23, 2026, and did not request a continuance of that hearing.